IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JESSE ROY PRATHER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-24-611-SM |
| ) | |
| **CAROLYN COLVIN,** ) | |
| **ACTING COMMISSIONER** ) | |
| **OF SOCIAL SECURITY,**[1] ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Jesse Roy Prather (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that he was not "disabled" under the Social Security Act. *See* 42 U.S.C. § 405(g). The parties have consented to proceed before the undersigned for disposition. Docs. 8, 9; *see* 28 U.S.C. § 636(c).[2]

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings, arguing that the Administrative Law Judge (ALJ) improperly evaluated the medical opinions from his treating physician. Doc. 16, at 8.

---

[1]  Carolyn Colvin became the Acting Commissioner of the Social Security Administration on November 30, 2024. So the Court replaces Martin O'Malley as Defendant in this matter with Carolyn Colvin. *See* Fed. R. Civ. P. 25(d).

[2]  Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the administrative record (AR) will refer to its original pagination.

After careful review of the AR, the parties' briefs, and the relevant authority, the Court agrees with Plaintiff and reverses and remands the Commissioner's decision for further administrative proceedings.

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines a disabled individual as a person who "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 405(g). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to

show Plaintiff "retains the capacity to perform" a different type of work and that such a "specific type of job exists in the national economy." *Id.*

### C. Relevant findings.

#### 1. The ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 11-27; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since the alleged onset date of October 1, 2021;

(2) had the following severe impairments: degenerative disc disease of the lumbar spine; left foot neuropathy including "foot drop"; asthma; gout; hernia; shoulder arthropathy; obesity; depression; anxiety; and posttraumatic stress disorder;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residual functional capacity[3] (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(b), except he can lift or carry 10 pounds occasionally and less than 10 pounds frequently; he can never climb ropes, ladders, or scaffolds; he can occasionally climb ramps or stairs; he

---

[3] "[R]esidual functional capacity is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

    requires the use of bilateral ankle braces and a cane for ambulation; he can walk at no more than a normal walking pace, and on only even, level surfaces; he can occasionally push or pull with the dominant right upper extremity; he can occasionally reach overhead with the dominant right upper extremity; he can occasionally balance or stoop; he can less than occasionally push or pull with the bilateral lower extremities; he can less than occasionally kneel, crouch, or crawl; he can frequently but not constantly interact with coworkers, supervisors, and the general public; he can maintain adequate concentration, persistence, and pace to remain on task for all work except production paced and assembly line-type tasks; and he can frequently but not constantly adapt to changes in workplace methods and routines;

(5)  is unable to perform any past relevant work;

(6)  was able to perform jobs that exist in significant numbers in the national economy, including procurement clerk, Dictionary of Occupational Titles (DICOT) 249.367-066; industrial order clerk, DICOT 221.367-022; document preparer, DICOT 249.587-018; addressing clerk, DICOT 209.587-010; or surveillance system monitor, DICOT 379.367-010;

(7)  had not been under a disability since October 1, 2021.

AR 13-27.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-7, "making the ALJ's decision the

4

Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (internal citation omitted). "An agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax*, 489 F.3d at 1084 (defining substantial evidence as "more than a scintilla, but less than a preponderance"); *Wall*, 561 F.3d at 1052 (explaining that "'[e]vidence is not substantial if it is overwhelmed by other evidence in the record'") (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005)). The Court "will not reweigh the evidence or substitute [its] judgment for the Commissioner's."

5

*Lax*, 489 F.3d at 1084. Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id*. (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"[T]he failure to apply proper legal standards, may under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quotations omitted). But the failure to apply the proper legal standard requires reversal only where the error was harmful. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

### B. The ALJ's consideration of Dr. Conley's opinion and the evidence.

In formulating a claimant's RFC, an ALJ may, "and indeed [is] required, to rely on *all* of the record evidence, including but not limited to medical opinions in the file." *Wells v. Colvin*, 727 F.3d 1061, 1071-72 (10th Cir. 2013) (citing SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996)). The record evidence an ALJ must rely on includes a claimant's medical history, medical signs, laboratory findings, the effects of treatment, reports of daily activities, lay evidence, recorded observations, and effects of symptoms. SSR 96-8p, at *5.

6

An ALJ considers prior administrative medical findings using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors. *Id.* § 404.1520c(a).

"Supportability" examines how closely a medical opinion tracks the evidence and the medical source's explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be." "Consistency," on the other hand, compares a medical opinion to the other evidence: "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Zhu v. Comm'r*, 2021 WL 2794533, at *6 (10th Cir. July 6, 2021).

The ALJ must articulate how persuasive he finds a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). In doing so, the ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings." *Id.*

7

Here, in considering the opinion of Dr. Arthur Conley, Plaintiff's orthopedic surgeon,[4] the ALJ noted:

> Dr. Arthur Conley[] completed a medical source statement about the claimant's functional limitations. He opined that the cla[i]mant was able to lift or carry 20 pounds occasionally and 10 pounds frequently; he could stand or walk for 30 minutes at a time and 3 hours in an 8 hour day; he could sit for less than 3 hours at a time and 4 hours in an 8 hour day; *he required the ability to lie down one or two times during an 8 hour day*; he could occasionally balance, stoop, kneel, crouch or climb; he had a reduced ability to reach, push, pull, and handle due to nerve damage and inflammation; he should avoid all exposure to hazards and avoid even moderate exposure to vibrations and heights; he should avoid concentrated exposure to extreme temperatures and high humidity; *he required the ability to change positions as needed and work at his own pace;* and he would likely miss more than 4 days of work per month due to his impairments (Ex. 30F). *This opinion is only partly consistent with and supported by the imaging studies showing moderate degenerative disease in the lumbar and cervical spine and chronic degenerative disease in the right shoulder. Postural and environmental limitations are partly supported by the claimant's left foot drop with his later right leg weakness. However, the treatment record is not consistent with the claimant missing 4 or more days of work per month, as the evidence shows he can work a sedentary job those days, and any needed routine medical examinations can be scheduled in advance. This opinion is partially persuasive.*

AR 22 (emphasis added), 1573-74.

The state agency medical consultant found that Plaintiff could perform light work with some limitations. He could stand or walk for four hours, he

---

[4] The ALJ stated Dr. Conley was Plaintiff's treating neurosurgeon. AR 22.

8

needed a cane and could carry up to nine pounds with the other hand; he could frequently climb ramps or stairs; he could never climb ropes, ladders, or scaffolds, he could frequently stoop, kneel crouch, or crawl; he wore a boot for his left foot drop; and he could occasionally reach overhead with his right upper extremity. AR 22, 221. The opinion also states Plaintiff could occasionally lift and/or carry (including upward pulling) twenty pounds, and frequently lift and/or carry (including upward pulling) ten pounds. *Id.* at 23, 221. It also stated his ability to balance was "unlimited." *Id.* Upon reconsideration, the state agency doctor concurred with this opinion. *Id.* at 23, 233-34.

Considering both opinions, the ALJ determined:

This opinion is supported by the claimant's history of right shoulder surgery and by his need for a brace on his left ankle. It is supported by his persistent reports of spine pain. It is supported by the claimant's report of difficulty with squatting, bending, reaching, walking, kneeling, and climbing stairs, but it is not supported by his reported difficulty sitting or using his hands. It is not supported by his persistent need for a cane and sometimes a wheelchair for ambulation, due to falls. It is inconsistent with the claimant's history of falls and his right leg weakness. It is internally inconsistent, in that it finds the claimant is able to lift and carry 20 pounds, while also saying he could lift or carry no more than 9 pounds while holding a cane in his other hand. *This opinion is not persuasive.*

*Id.* at 23 (emphasis added).[5]

### C. Substantial evidence does not support the RFC.

Plaintiff maintains the ALJ's analysis was "overly selective" and did not "adequately address" Dr. Conley's limitations as to standing, walking, sitting, unscheduled breaks, and work absences. Doc. 16, at 11. He argues that the ALJ did not consider the many abnormal findings he cites or that his work absences would be required due to his ongoing need for narcotic pain medications, and the existence of "severe ongoing pain." *Id.* at 12-13.

Considering Plaintiff's subjective complaints and his testimony, the ALJ concluded:

> The claimant's pain is moderately well controlled with medication. He has consistently reported experiencing up to 70% pain relief with medication, and his pain is usually rated at 4 or 5 out of 10 in severity. His treating orthopedist opined that he was reasonably able to perform sedentary exertional level work and lift or carry up to 20 pounds. *The claimant did subsequently develop additional radiculopathy symptoms affecting his right lower extremity. He requires an assistive device and a left ankle brace for ambulation. He is currently wearing a splint on the right lower extremity after a fall, but it is unclear that this is a permanent device.* His musculoskeletal impairments reasonably limit him to sedentary work, with some postural and environmental limitations, but they do not preclude the performance of that work on a regular and continuing basis.

---

[5] The ALJ found the state agency psychological consultant's opinion to be partially persuasive. AR 23. Plaintiff does not challenge the ALJ's RFC as to mental impairments.

AR 24 (emphasis added).

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567. As Plaintiff points out, and as the ALJ acknowledges, Plaintiff uses a cane and has weakness in his right leg. *See, e.g.*, AR 1284, 1651. The ALJ did not address Dr. Conley's postural limitation requiring the ability to change position as needed and to work at his own pace. *Id.* at 22, 1574. The ALJ stated this was "partly consistent with and supported by the imaging studies" and by his left foot drop and right leg weakness. *Id.* at 22; *see also id.* at 23 (rejecting the state agency physicians' conclusions noting that in part "it is not supported by his reported difficulty sitting").

The Commissioner argues that the ALJ adopted most of Dr. Conley's findings and found Plaintiff more limited in his ability to kneel, crouch, and crawl. Doc. 20, at 6-7. Yet with the RFC's extensive limitations, the vocational expert testified Plaintiff could perform over 100,000 representative jobs in the national economy. AR 26.

Though the ALJ gave brief consideration to the consistency and supportability of Dr. Conley's opinion, he did not do so for all of Dr. Conley's limitations. *Id.* at 22. The ALJ did not find the opinion internally inconsistent with Dr. Conley's treatment notes. *Id.*

The ALJ did not mention the time Dr. Conley had treated Plaintiff (since 2018), or his specialty (orthopedic surgeon). *Id.* at 22, 607-08. As the provider of the only opinion to have any persuasive merit as to physical limitations, these factors seem particularly relevant. "The length of time a medical source has treated you may help demonstrate whether the medical source has a longitudinal understanding of your impairment(s)." 20 C.F.R. § 416.920c(c). And "[t]he medical opinion or prior administrative medical finding of a medical source who has received advanced education and training to become a specialist may be more persuasive about medical issues related to his or her area of specialty than the medical opinion or prior administrative medical finding of a medical source who is not a specialist in the relevant area of specialty." *Id.*

"An RFC for less than a full range of sedentary work reflects very serious limitations resulting from an individual's medical impairment(s) and is expected to be relatively rare." Soc. Sec. R. (SSR) 96-9p, 1996 WL 374185, at *1

12

(July 1, 1996). "The ALJ barely mentioned, however, all of the other medical evidence in the record indicating that claimant did suffer severe [from limited, painful and guarded lumbar mobility and his ongoing need for pain medications] lumbar pain from degenerative disc disease. It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004). "In addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). Without a more robust explanation of the ALJ's rejection of Plaintiff's need for postural limitations (sit/stand/lie down), the Court determines the RFC is not supported by substantial evidence.

### III. Conclusion.

For the reasons set forth above, the Court reverses and remands the Commissioner's decision for further administrative proceedings.

**ENTERED** this 31st day of December, 2024.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE